NOV 3 PM '03

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **SCOTT PRICE** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO: SA03CA1103 FB** |
| | § | |
| **CITY OF SAN ANTONIO, TEXAS;** | § | |
| **JOHN ANTHONY GARCIA,** ***Individually and in his Official Capacity*****; and** | § | |
| **H. RAINEY,** ***Individually and in his Official Capacity*** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES JUDGE:**

**NOW COMES** Plaintiff, Scott Price, filing this, his *Plaintiff's Original Complaint*, and bringing this action against the City of San Antonio, Texas, John Anthony Garcia, *Individually and in his Official Capacity*, and H. Rainey, *Individually and in his Official Capacity*, as said Defendants, jointly and severally, have denied Plaintiff his rights guaranteed by the Constitution and laws of the United States of America and the State of Texas.

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C.S. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, San Antonio Division, as this is the district where the claim arose in accordance to 29 U.S.C.§ 1391(b).

## PARTIES

2. Plaintiff Scott Price is a resident of San Antonio, Texas.

3. Defendant City of San Antonio, Texas (hereinafter "Defendant City of San Antonio"), is a

political subdivision of the State of Texas and may be served with process by serving Norma S. Rodriguez, City Clerk, City of San Antonio, 100 Military Plaza, City Hall, San Antonio, Texas 78205.

4. Defendant John Anthony Garcia (hereinafter "Defendant Garcia") was, at all times material to this suit, an officer employed by the San Antonio Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the San Antonio Police Department. Defendant may be served with citation at his place of employment, SAN ANTONIO POLICE DEPARTMENT, 214 W. Nueva, San Antonio, Texas 78207.

5. Defendant H. Rainey (hereinafter "Defendant Rainey") was, at all times material to this suit, an officer employed by the San Antonio Police Department. Each of the acts complained of herein arises from the conduct of Defendant while acting under color of state law, and was committed within the scope of his employment and authority with the San Antonio Police Department. Defendant may be served with citation at his place of employment, SAN ANTONIO POLICE DEPARTMENT, 214 W. Nueva, San Antonio, Texas 78207.

## FACTS

6. Whenever, in this complaint it is alleged that any Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendant's officers, agents, servants, employees or representatives did such act, thing and/or omission and that at the time it was done with full authorization and/or ratification of Defendant or done in the normal and routine course and scope of employment of Defendant and/or Defendant's officers, agents, servants, employees or representatives.

7. On or about October 31, 2001, Plaintiff was in his apartment involved in a verbal disagreement with an uninvited visitor, who sprayed him with pepper spray, causing him to be disoriented, remove his clothing to rid himself of the spray, and to break a window to exit his apartment. A neighbor contacted the police, concerned for the safety of Plaintiff.

8. When the police arrived, (initially only Defendant Rainey), Plaintiff was outside his apartment door, naked and bleeding from a cut on his arm due to breaking the window to get away from his uninvited visitor. Plaintiff was disoriented, and of no threat to Defendant Rainey. When Defendant Rainey arrived, he immediately began beating Plaintiff with his baton and spraying him with pepper spray. A few minutes later, a second police officer arrived, Defendant Garcia, who immediately started beating Plaintiff with his baton, pepper spraying him and "karate" kicking him in the chest. Plaintiff was disoriented, and was not fighting back or provoking the officers in any way.

9. The severe beating by these police officers was witnessed by many neighbors who called for an ambulance. The witnesses heard Plaintiff yelling for help and screaming to the officers and witnesses several times that he was on fire. Yet the officers continued to spray him and beat him about the body, head, thighs, knees, back and ribs with their batons.

10. When the ambulance arrived, the officers bound Plaintiff's arms and legs with duck tape prior to permitting the paramedics to care for him and place him in the ambulance.

11. As a result of the officers' actions, Mr. Price sustained numerous injuries to his body, including his neck, head, legs and stomach.

12. Scott Price is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was

acting within such agency and employment and that each Defendant was acting under color of state law.

13. As a result of the aforementioned acts and/or omissions of Defendants, Scott Price was subjected to physical assault and battery.

14. Moreover, the officers' acts amount to an excessive and/or unnecessary use of force. Said excessive/unnecessary use of force is objectively unreasonable as no reasonable police officer and/or law enforcement officer given the same or similar circumstances would have initiated such a brutal and life threatening attack on any person seized and in the position of Scott Price.

15. Furthermore, said excessive force committed against Scott Price by said Defendants was not performed in good faith to maintain or restore discipline, but was performed maliciously, intentionally, and sadistically for the very purpose of punishing and causing harm to Scott Price.

16. At all pertinent times, Defendant City of San Antonio (by and though the San Antonio Police Department) authorized and ratified the wrongful and tortuous acts and/or omissions of its officers.

**FIRST CLAIM FOR RELIEF - - § 1983**

The allegations contained in Paragraphs 6 through 16 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

**Section 1983.** The Civil Rights of 1871, now codified as 42 U.S.C.S. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.S. § 1983.

The state action requirement for standing under 42 U.S.C.S. § 1983 has more commonly been referred to as "color of state law," from the statute itself. Scott Price is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

42 U.S.C.S. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Scott Price alleges that Defendant, jointly and/or severally deprived him of his Fourth Amendment rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions and/or omissions:

a) by using excessive force in the course of Defendants' custody of Scott Price, in violation of the Fourth Amendment and its "reasonableness" standard. Scott Price therefore pleads that he was unlawfully beaten. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable; and

b) by falsely and maliciously charging Scott Price with the commission of a crime without probable cause to believe that such crime had occurred and on the sole basis of hatred and/or anger.

The Fourth Amendment guarantees security from unreasonable search and seizure. It includes the expectation of privacy, the right to be free from arrests without probable cause to believe the arrested person committed a crime. Accordingly, Scott Price alleges that he was subjected to an unreasonable search and seizure, had his expectation of privacy violated, was detained without reasonable suspicion and/or probable cause, was subjected to physical abuse and unreasonable excessive force including the threat of great bodily injury and death.

**§ 1983 - Excessive Force**. Scott Price pleads that Defendants used excessive force and/or deadly force in the course of the officers' supposed arrest, and/or investigatory stop, and/or other "seizure" of a free citizen, such as Scott Price, in violation of the Fourth Amendment and its "reasonableness" standard. Scott Price therefore pleads that he was unlawfully assaulted and physically beaten by Defendants. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

Such actions and/or omissions are "objectively unreasonable" in light of the facts and circumstances confronting him without regard to his underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of said actions. For these reasons, it is objectively unreasonable for said officers to beat Scott Price to a point of physical assault, resulting in lacerations, contusions and severe bruising.

**§ 1983 - Search & Seizure**. Furthermore, when a person, such as Scott Price is seized and is not a "suspect" and has committed no crime, but is forced to undergo police escalation and brutality of the situation, the importance of the governmental interests alleged to justify the intrusion is necessarily diminished. As such the actions and/or omissions of said officers cannot be justified under the circumstances of the instant case.

Likewise, Defendants are liable if they conduct the search or seizure in an abusive manner even if they have the lawful authority to conduct the search and seizure. Scott Price in this situation is protected by the Fourth Amendment to the United States Constitution and Article I, Sec. 9 of the Texas Constitution. The right to security in person and property protected by the Fourth Amendment may be invaded in quite difference ways by searches and seizures. A search comprises the individual

interest in privacy; a seizure deprives the individual of dominion over his or her person or property. In this instance, the search of Scott Price ran afoul of the Fourth Amendment because the search was conducted in an unnecessarily cruel, painful, and/or dangerous manner. Indeed, Scott Price was severely beaten by Defendants.

**§ 1983 - Municipal liability.** It is also well-established that municipalities are liable under 42 U.S.C.S. § 1983 for constitutional torts that are in compliance with the municipality's customs, practices, policies or procedures. A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision making channels. In this case, the City of San Antonio is liable because it sanctioned the custom, practice and/or policy or procedure of beating and choking citizens, like Scott Price. As previously stated, Defendants severely beat Scott Price to the point that Scott Price was severely injured. Defendants' actions were a customary practice and/or policy or procedure that was sanctioned by the City of San Antonio out of which deprived Scott Price of his civil rights by statute and by both the Texas and United States Constitutions. Liability for the City of San Antonio is established under §1983 because the assault and beating of citizens, with little or no justification, is a persistent, widespread practice of city employees -- namely police officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy. The City of San Antonio has actual or constructive knowledge of this practice, custom, and/or policy or procedure and sufficiently numerous prior incidents of police officers beating citizens establishes custom and accession to that custom by the City's policy makers. The City of San Antonio's unspoken policy of beating citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or

statutory rights will follow the decision. In the alternative, the City of San Antonio is liable under §1983 for failure to adopt a policy precluding officers from beating citizens because such failure to adopt such a policy is one of intentional choice.

Moreover, the City of San Antonio is liable for inadequate training of police officers under §1983. Liability attaches to the City of San Antonio because the City's failure to train amounts to deliberate indifference to the rights of the persons with whom the police come in contact. In particular, Scott Price alleges that the training program in relation to the tasks the particular officer must perform is inadequate in the respect that the program fails to teach new police persons that beating citizens violates citizens' constitutional rights. As such, the deficiency in training actually caused Defendants to violate Scott Price's constitutional rights.

## SECOND CLAIM FOR RELIEF - - §1985

The allegations contained in Paragraphs 6 through 16 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

Defendants are additionally liable to Plaintiff for their violation of 42 U.S.C. §1985(3), in that two or more of them conspired for the purpose of:

1. depriving David Rodriguez of equal protection of the law;
2. depriving David Rodriguez of due process of law; and
3. hindering, the constituted authorities from giving or securing equal protection and due process of law to all persons.

## THIRD CLAIM FOR RELIEF--Texas - False Arrest and False Imprisonment

The allegations contained in Paragraphs 6 through 16 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

As a pendent state cause of action, at all times material and relevant herein, Defendants, by acts and/or omissions and under color of state law, willfully detained Mr. Price without the consent of him and without authority of law. Scott Price pleads false imprisonment as Defendants had the intent to confine him, and carried out the intent by putting Scott Price in a position so that he could not move, let alone leave. Said confinement resulted in harmful detention, without consent, and without authority of law.

**§ 1983 - Malicious Prosecution**. Scott Price also pleads a cause of action for malicious prosecution under §1983. Defendants, acting under color of state authority, maliciously charged Scott Price with a misdemeanor and tendered false information concerning said charge to the prosecutor which leads that person to believe that probable cause exists when there is none.

**FOURTH CLAIM FOR RELIEF--Texas - Intentional Infliction of Emotional Duress**

The allegations contained in Paragraphs 6 through 16 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

As a pendent state cause of action, at all times material and relevant herein, individual Defendants, by acts and/or omissions and under color of state law, intentionally and/or recklessly inflicted emotional duress upon Scott Price, thereby he claims the tort of intentional infliction of emotional distress. Scott Price alleges that the individual Defendants, acted intentionally and/or recklessly when beating him and further alleges that such conduct was extreme and outrageous. The actions of the individual Defendants caused Scott Price to suffer emotional distress; and the emotional distress suffered by him was so severe that it required treatment -- as no reasonable person should be expected to endure such.

**FIFTH CLAIM FOR RELIEF--Texas - Assault & Battery**

The allegations contained in Paragraphs 6 through 16 are herein incorporated by reference, the same as if fully set forth verbatim for any and all purposes of this pleading.

As a pendent state cause of action, at all times material and relevant herein, individual Defendants, by acts and/or omissions and under color of state law did then and there by acts/and/or omissions, intentionally, knowingly and/or recklessly cause severe personal injury to Scott Price through uncontested physical contact with Scott Price.

Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Scott Price alleges that the individual Defendants committed an assault upon him when they intentionally, knowingly, and/or recklessly proceeded to spray him with two cans of pepper spray, and to beat him with batons about the body causing lacerations, contusions and severe bruising. At no time did Scott Price consent. Said assaultive conduct of the individual Defendants was committed intentionally, knowingly, and/or recklessly and was the proximate cause of bodily and emotional injuries to Scott Price. Said injuries were the direct and immediate consequence of the individual Defendants' wrongful act and a natural and direct result of the assault.

At no time were Defendants privileged to take the action as force was not necessary. Moreover, the individual Defendants' assault and battery of Scott Price was not objectively reasonable when balancing the amount of force used against the need for the force. Put differently, at no time was Scott Price fleeing or about to flee, nor was anyone (including Defendants) ever in danger.

**SIXTH CLAIM FOR RELIEF--Texas - Malicious Prosecution**

The allegations contained in Paragraphs 6 through 16 are herein incorporated by reference,

the same as if fully set forth verbatim for any and all purposes of this pleading.

As a pendent state cause of action, at all times material and relevant herein, Defendants, by acts and/or omissions and under color of state law, Defendants instituted criminal proceedings against Scott Price with malice and under color of state law. Hence, Scott Price also pleads a cause of action for malicious prosecution under state law of Texas and said claim is set forth above.

**DAMAGES**

As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Scott Price has been caused to suffer general damages which include but are not limited to the following: both physical and emotional injury, including but not limited to - - pain and suffering, emotional and mental distress, and personal humiliation and shock, along with severe emotional distress.

Said injuries have caused Scott Price to incur special damages which include but are not limited to past medical expenses.

Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C.S. § 1988, a prevailing party in a § 1983 case is entitled to recover his attorney's fees. Hence, Scott Price further prays for all costs and attorney fees associated with bringing the present case to trial.

In addition, Scott Price prays for punitive damages against all the individual Defendants. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under § 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public

employee or official in their individual capacity. Therefore, Scott Price alleges and prays for punitive damages against all individual Defendants, as such Defendants actually knew that their conduct was unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED,** Scott Price prays that upon trial upon the merits, he recover compensatory damages against Defendants, jointly and severally; that Scott Price also recover punitive damages against the individual Defendants in an amount to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and, that Scott Price recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Scott Price prays for all pre-judgement and post judgement interest that can be assessed against the Defendants in the event of recovery; and that Scott Price recover against each Defendant any and all other general or specific relief to which he proves himself justly entitled.

Respectfully submitted,

*Law Offices of*
GALE, WILSON, & SANCHEZ, PLLC
115 E. Travis, Suite 618
San Antonio, Texas 78205
Telephone: (210)222-8899
Telecopier: (210)222-9526

By: Beverly West Stephens
Christopher J. Gale
Texas Bar No. 00793766
Beverly West Stephens
Texas Bar No. 24032459
*Attorneys for Plaintiff*

**Demand for Jury Trial**

Plaintiff, Scott Price, hereby demands trial by jury pursuant to Fed.R.Civ.P. 8(b).